(December 3, 1914.)

## MYRTLE F. AVEN, Appellant, v. CALDWELL COMMERCIAL BANK, Respondent.

[144 Pac. 1108.]

Griffiths & Griffiths and Thos. D. Griffin, for Appellant.

Under any state of facts the bank would be estopped to deny that the person making a deposit is the owner of it. (*Booth v. Oakland Bank of Savings*, 122 Cal. 19, 54 Pac. 370; 5 Cyc. Law and Proc. 517.)

John C. Rice, for Respondent.

By sec. 2680, Rev. Codes, the rents and profits of the separate property of the husband and wife is community property, unless by the instrument by which any such property is acquired by the wife, it is provided that rents and profits thereof be applied to her sole and separate use. (*Howard v. York*, 20 Tex. 670; *Wolford v. Melton*, 26 Tex. Civ. App. 486, 63 S. W. 543; 21 Cyc. 1647.)

The earnings of the wife while living with the husband are also community property. (2 Am. & Eng. Ency. of Law, 311; *Wren v. Wren*, 100 Cal. 276, 38 Am. St. 287, 34 Pac. 775; *Cooke v. Bremond*, 27 Tex. 457, 86 Am. Dec. 626. *In re Cudworth's Estate*, 133 Cal. 462, 65 Pac. 1041; *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398.)

SULLIVAN, C. J.—This case involves the right and title of the wife to certain money deposited in the defendant bank by herself, and the contention was made in this case that said savings deposit was community property and could be applied by the bank on its claim on the husband's indebtedness, on the theory that the same was community property subject to the husband's debts.

On the authority of the case of *W. R. Wilkerson, Trustee in Bankruptcy, Respondent, v. Myrtle F. Aven, Appellant,* just decided by this court, the judgment entered in this case

must be reversed and the cause remanded with instructions to enter judgment in favor of appellant.

Costs awarded to appellant.

Truitt, J., concurs.